UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD LILLY,

        Plaintiff,

    v.                                             16-CV-242-LJV-HKS
                                                 DECISION & ORDER
BRANDON M. HALL, *et al.*,

        Defendants.
_____

On March 23, 2016, the *pro se* plaintiff, Edward Lilly, commenced this action under 42 U.S.C. § 1983 against the Town of Lewiston, the Lewiston Police Department, and two Lewiston police officers.[1] Docket Item 1. He says that on March 24, 2013, Officer Brandon M. Hall issued him an equipment violation ticket for failure to have a front license plate on the car he was driving at the time. *Id.* at 3-7. But Lilly alleges that his car indeed had a front license plate and that Hall retaliated against him—in violation of Lilly's rights under the First Amendment—for Lilly's speech, published in newspaper articles and criticizing the Lewiston Police Department. *Id.*; *see* Docket Item 47-5 at 50.

On October 20, 2016, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 15. On June 17, 2020, Hall moved for summary judgment. Docket Item 47. On April 28, 2023, Judge Schroeder issued a Report,

---

[1] On January 22, 2019, this Court dismissed the claims against defendants Cristopher P. Salada, the Lewiston Police Department, and the Town of Lewiston. Docket Item 27.

Recommendation, and Order ("RR&O") finding that Hall's motion should be denied.[2] Docket Item 54.

On May 12, 2023, Hall objected to the RR&O, arguing that Judge Schroeder erred in recommending that this Court deny Hall's motion for summary judgment. Docket Item 55. On August 3, 2023, Lilly responded to the objections. Docket Item 60. And on August 16, 2023, Hall replied. Docket Item 62.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the RR&O; the record in this case; the objections, response, and reply; and the materials submitted to Judge Schroeder. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to deny Hall's motion for summary judgment.

## **LEGAL PRINCIPLES**

"A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment is appropriate when 'there can be but one reasonable

---

[2] On April 26, 2023—two days before Judge Schroeder issued the RR&O—Lilly responded to Hall's motion. Docket Item 53. It appears that Judge Schroeder did not consider Lilly's response, which was filed nearly three years after Hall moved for summary judgment. *See* Docket Item 54 at 3 ("Plaintiff has not responded to the summary judgment motion, nor has he requested an extension to do so.").

conclusion as to the verdict,' *i.e.*, 'it is quite clear what the truth is,' and no rational factfinder could find in favor of the nonmovant." *Id.* (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); then quoting *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962)).  Conversely, "[s]ummary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party."  *Id.*  "In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence."  *Id.*

"If the evidence submitted in support of [a] summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented."  *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citation, emphasis, and internal quotation marks omitted).  "An unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  *Id.* (citation and internal quotation marks omitted).

## **DISCUSSION**[3]

Hall argues that this Court should grant him summary judgment because (1) the undisputed material facts establish that Hall did not violate Lilly's First Amendment rights, Docket Item 55 at 8-14, and (2) Hall is entitled to qualified immunity, *id.* at 4-8. He argues in the alternative that if this Court does not grant him summary judgment on

---

[3] The Court assumes the reader's familiarity with the facts of this case and refers to them only as necessary to explain its decision.

those grounds, it should dismiss Lilly's claim for punitive damages. *Id.* at 14-15. The Court addresses each of Hall's arguments in turn.

I.  **FIRST AMENDMENT RETALIATION**

To succeed on a First Amendment retaliation claim, a plaintiff must establish that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (citation omitted). Judge Schroeder found that, viewing the facts in the light most favorable to Lilly, Lilly satisfied those elements. Docket Item 54 at 10-14. Hall objects to Judge Schroeder's conclusions regarding the second and third elements—causation and injury. Docket Item 55 at 8-14.

A.  **Causation**

"Specific proof of improper motivation is required in order for [a] plaintiff to survive summary judgment on a First Amendment retaliation claim." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). In fact, the Supreme Court has noted that for a plaintiff to succeed on a First Amendment retaliation claim, he must show that the defendant's retaliatory motive was "a 'but-for' cause" of the plaintiff's injury, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). A defendant can defeat a retaliation claim by showing that he would have taken the challenged action for a reason other than retaliation. *See Scott v. Coughlin*, 344 F.3d 282, 287-88 (2d Cir. 2003) ("Regardless of the presence of retaliatory motive, [] a defendant may be entitled

4

to summary judgment if he can show dual motivation, *i.e.*, that even without the improper motivation the alleged retaliatory action would have occurred.").

Hall advances two arguments related to causation.  First, he argues that Lilly has failed to establish that Hall had a retaliatory motive because "[t]here is undisputed proof"—Hall's "testimony and sworn declaration"—that Hall did not know about Lilly's criticism of the Lewiston Police Department.  Docket Item 47-16 at 15-16; *see id.* at 18-19 (arguing that Lilly's testimony "is simply incredible as a matter of law").  Second, he argues that regardless of any retaliatory motivation, Lilly's claim cannot survive summary judgment because Hall had probable cause to issue Lilly the ticket.  Docket Item 55 at 13.

As a threshold matter, Hall argues that because Lilly "did not file a response to [] Hall's Statement of Material Facts, this Court should deem [] Hall's factual assertions . . . to be true for purposes of this motion."  *Id.* at 10 (citing *Reyes-Herrera v. Flaitz*, 539 F. Supp. 3d 290, 293 (W.D.N.Y. 2021)).  But the Court has a duty "to give *pro se* plaintiffs extra consideration and special latitude on summary judgment motions."[4] *Singh v. N.Y. State Dep't of Tax'n & Fin.*, 911 F. Supp. 2d 223, 233 (W.D.N.Y. 2012) (citations and internal quotation marks omitted).  So Lilly's failure to timely respond to Hall's motion for summary judgment and to submit a statement of material facts cannot overcome the evidence in the record.

And the record is replete with conflicting evidence—both about probable cause and about Hall's motivation for issuing the ticket.  *See* Docket Item 60 at 3 (Lilly's argument that there is "a sharp dispute over the facts").  For example, Hall testified that

---

[4] For that reason, the Court also rejects Hall's contention that Lilly has waived the arguments he made in response to Hall's objections.  *See* Docket Item 62 at 2.

he stopped Lilly because Lilly's vehicle did not have a front license plate, Docket Item 47-6 at 16-17, but Lilly testified that his vehicle had both a front license plate and a back license plate, Docket Item 47-5 at 50.  Likewise, Lilly testified that during his interaction with Hall, he heard Hall and other officers say that they needed to "teach [Lilly] a lesson for putting [them] in the paper," *id.* at 38-39, 63-64; in contrast, Hall swears that neither he nor any other officer said or implied "anything about teaching [Lilly] 'a lesson'" and that he was not even aware of Lilly's statements in any newspaper at the time of the encounter.  Docket Item 47-14 at ¶¶ 4-5, 9.

So the parties tell two very different stories about the events that day—stories that present at least two material issues of fact.  A jury may believe Hall's statement that Lilly's vehicle did not have a front license plate; in that case, probable cause to issue the ticket will doom Lilly's claim.  *See* Docket Item 54 at 9 ("It has long been settled law that a police officer has probable cause to stop the driver of a vehicle when the police officer observes a traffic offense, however minor." (citation omitted)).  Or a jury might believe that Hall did not know about Lilly's criticism of the Lewiston Police Department; in that case, Lilly's claim will fail because Lilly will have failed to establish a retaliatory motive.  But if a jury credits what Lilly says, it may well find that Hall lacked probable cause and issued the ticket in retaliation for Lilly's public criticism.

In other words, it is Lilly's word against Hall's, and as Judge Schroeder found, "assessment of credibility in the face of such conflicting testimony is the responsibility of a jury."  *See id.* at 14.  Therefore, issues of material fact preclude finding that Lilly failed to establish retaliatory motivation.

B.     Injury

A plaintiff alleging a First Amendment retaliation claim must show either "that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm."  *Dorsett*, 732 F.3d at 160.

Hall argues that Lilly has not suffered the requisite injury here.  Docket Item 55 at 13-14.  More specifically, he argues that "when this incident occurred in March 2013, it was not clearly established that an equipment violation ticket could serve as the basis of a [First Amendment retaliation] claim, or that it constituted a 'concrete harm.'"  *Id.* at 14.  But that argument conflates qualified immunity—which requires assessment of whether a right was clearly established, *see infra* at 8-10—with the merits of Lilly's retaliation claim, which asks only whether Lilly was injured by Hall's alleged conduct.

Judge Schroeder cited several cases finding that a traffic ticket may satisfy the injury required for a First Amendment retaliation claim.  *See* Docket Item 54 at 10 (collecting cases); *see also Hazel v. Quinn*, 933 F. Supp. 2d 884, 890-91 (E.D. Mich. 2013) ("Courts have found that the issuance of a traffic ticket is sufficient to constitute an adverse action for the purpose of a First Amendment retaliation claim." (collecting cases)).  And other than by making his misplaced qualified immunity argument, Hall does not explain why Judge Schroeder's analysis of Lilly's injury was incorrect.

The Court therefore adopts Judge Schroeder's recommendation to find that Lilly has established an injury sufficient to survive a motion for summary judgment.

7

## II.  QUALIFIED IMMUNITY

Judge Schroeder also found that Hall is not entitled to qualified immunity at this stage.  Docket Item 54 at 7-10.  Hall argues that Judge Schroeder is incorrect.  Docket Item 55 at 4-8.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (citations and internal quotation marks omitted).  "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *Id.* (citation and internal quotation marks omitted).

Hall argues that Judge Schroeder should have found that "the right at issue"—according to Hall, Lilly's right to be free from retaliatory traffic tickets—"was not clearly established when this incident occurred in March 2013."  Docket Item 55 at 4-7.  In support of that argument, Hall cites *Smith v. Campbell*, 782 F.3d 93 (2d Cir. 2015), a Second Circuit decision issued two years after the incident at issue in this case, and he says that Judge Schroeder "did not give sufficient weight" to that decision.[5]  Docket Item 55 at 4.  According to Hall, *Smith* shows that in March 2013, it was not clearly established "that the issuance of an equipment violation ticket can give rise to a First Amendment [retaliation] claim."  *Id.* at 5, 7.

So Hall seems to argue that law enforcement officers are entitled to qualified immunity so long as there is no case addressing the specific means used to allegedly retaliate against a citizen.  *See id.* at 6-8.  And because the Second Circuit had not

---

[5] Lilly and his parents-in-law were the plaintiffs in *Smith*.  *See* Docket Item 54 at 7 n.1.

addressed the issue of retaliatory traffic tickets at the time of the incident here, he says, he is immune from Lilly's claims. *Id.*

That argument fails. The Second Circuit has addressed—several times—the "application of the qualified immunity doctrine to constitutional claims for which intent is an element," such as First Amendment retaliation. *Locurto v. Safir*, 264 F.3d 154, 168-69 (2d Cir. 2001) (addressing First Amendment retaliation claim); *see Washington v. Gonyea*, 538 F. App'x 23, 27 (2d Cir. 2013) (summary order) (addressing First Amendment retaliation claim); *Appel v. Spiridon*, 521 F. App'x 9, 11 (2d Cir. 2013) (summary order) (addressing substantive due process claim). It has noted that "where a more specific intent is actually an element of the plaintiff's claim as defined by clearly established law, it can never be objectively reasonable for a government official to act with the intent that is prohibited by law." *Locurto*, 264 F.3d at 169; *see also Hammock v. Pierce*, 2018 WL 2108244, at *8 ("[T]he Second Circuit has expressed some doubt about the applicability of qualified immunity defenses to First Amendment retaliation claims." (citing *Washington*, 538 F. App'x at 27)). In other words, it can never be "objectively reasonable" to retaliate against someone for the exercise of free speech regardless of the means of retaliation.

As Judge Schroeder found, "no reasonable law enforcement officer should have thought that it was permissible to retaliate against protected speech by charging the speaker with a traffic offense—regardless of the severity of the offense charged—absent probable cause." *See* Docket Item 54 at 9-10. And because there is an issue of fact regarding probable cause here, *see supra* at 4-6, Hall is "not entitled to qualified immunity at this juncture." *See Hammock*, 2018 WL 2108244, at *8-9 (denying qualified

immunity where plaintiff alleged that correction officers retaliated against him by searching his cell and confiscating his personal belongings).

### III.     PUNITIVE DAMAGES

Finally, Hall has moved for summary judgment on Lilly's punitive damages claim. Docket Item 47-16 at 24-25.  Judge Schroeder recommended that this Court deny that motion, Docket Item 54 at 14-15, and Hall objects to that recommendation, Docket Item 55 at 14-15.

Punitive damages are available in section 1983 cases if the defendant has engaged in conduct that is outrageous—for example, conduct involving willful, wanton, or reckless indifference to the rights of others.  *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 493 (2008); *Media All., Inc. v. Mirch*, 2010 WL 2557450, at *5 (N.D.N.Y. June 24, 2010).  This Court previously found that "Lilly has alleged conduct in connection with his First Amendment retaliation claim that, if taken as true, demonstrates willful and wanton disregard for his rights."  Docket Item 27 at 11.  Judge Schroeder found the same in the RR&O.  Docket Item 54 at 14-15 ("Should [Lilly] prove that [] Hall exercised his authority as a law enforcement officer to effectuate an unwarranted traffic stop and issue [Lilly] a traffic violation because of [Lilly's] criticism of other law enforcement officers, it would be within the jury's discretion to award [Lilly] punitive damages." (citing *Wallace v. Suffolk Cnty. Police Dep't*, 2010 WL 3835882, at *13 (E.D.N.Y. Sept. 24, 2010))).

Hall challenges that analysis, but he does not explain why it is incorrect.  Docket Item 55 at 14-15.  He merely asserts that Lilly's allegations, even viewed "in the light most favorable" to Lilly, do not support punitive damages.  *Id.*  That conclusory

argument gives this Court no reason to revisit its prior decision or to reassess Judge Schroeder's recommendation.  Accordingly, Hall's motion for summary judgment is denied as it relates to Lilly's request for punitive damages.

## **CONCLUSION**

For the reasons stated above and in the RR&O, Hall's motion for summary judgment, Docket Item 47, is DENIED.  The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of October 20, 2016, Docket Item 15.


　　　　SO ORDERED.


Dated:      September 25, 2023
　　　　　　Buffalo, New York


　　　　　　　　　　　　　　　　　　　　*/s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE